UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Case No. 8:06-cv-898-T-24 EAJ

WALTER F. GILL

        Debtor
_____/

## **ORDER**

This cause comes before the Court on Appellant-Debtor's Motion for Review of Order Dismissing Appeal for Untimeliness. (Doc. No. 2-6, 2-7). The United States opposes the motion. (Doc. No. 2-8).

On April 3, 2006, the bankruptcy court issued an order denying Debtor's motion for summary judgment and granting the United States' motion for summary judgment. Fourteen days later, on April 17, 2006, Debtor filed a notice of appeal. On April 27, 2006, the bankruptcy court sua sponte dismissed the appeal for untimeliness, since the notice of appeal was not filed within ten days after the date that the summary judgment order being appealed was filed, as required by Federal Rule of Bankruptcy Procedure 8002(a). Thereafter, on May 4, 2006, Debtor filed the instant motion to review the bankruptcy court's order dismissing the appeal for untimeliness, in which the Debtor argues that this Court should reconsider the dismissal and consider the alleged excusable neglect that caused the delay.

The United States responds that this Court cannot reconsider the dismissal, because Debtor failed to file a timely motion to extend the time to file the notice of appeal, as required by Federal Rule of Bankruptcy Procedure 8002(c)(2). Rule 8002(c)(2) provides: "A request to extend the time for filing a notice of appeal . . . filed not later than 20 days after the expiration of

the time for filing a notice of appeal may be granted upon a showing of excusable neglect." The deadline for filing a notice of appeal in this case was April 13, 2006.  Pursuant to Rule 8002(c)(2), Debtor had until May 3, 2006 to file a motion to extend the time for filing a notice of appeal.  Debtor failed to file such a motion, and the Court cannot consider the late notice of appeal as a motion for extension of time to file the notice of appeal due to excusable neglect.  See In re Williams, 216 F.3d 1295, 1297-98 (11th Cir. 2000)(citations omitted).  Rule 8002(c)(2) requires that a timely motion for extension of time be filed before a court can allow a late filed notice of appeal.  See id. at 1297.  Since a timely motion for extension of time to file the notice of appeal was not filed, Debtor's notice of appeal was untimely.  As such, the bankruptcy court's order dismissing the appeal for untimeliness must be affirmed.

Accordingly, it is ORDERED AND ADJUDGED that Appellant-Debtor's Motion for Review of Order Dismissing Appeal for Untimeliness (Doc. No. 2-6) is **GRANTED**, this Court finds that the bankruptcy court's order dismissing the appeal for untimeliness is **AFFIRMED**, and this appeal is dismissed as untimely.  The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of August, 2006.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Paul M. Glenn